# Court of Appeals
# of the State of Georgia

ATLANTA, June 24, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1759. DANNY DUNN v. CARYN ALISSA DUNN.

Danny Dunn and Caryn Alissa Dunn divorced in 2020. Since then, Danny has filed numerous pleadings in the trial court and multiple appeals with this Court.[1] On February 20, 2025, the Chief Judge of the Lookout Mountain Judicial Circuit entered an order which, among other things, required Danny to submit a "Request to File" to the clerk of court before filing any new actions, motions, or petitions, and assigned another superior court judge to review Danny's pleadings for approval to file. Five days later, after Danny "made repeated direct contact with" the superior court judge assigned to review his filings, the Chief Judge entered another order relieving the other superior court judge from reviewing any of Danny's future filings and assigned himself the task. On April 14, 2025, Danny attempted to file a motion for recusal of

---

[1] See *Dunn v. Dunn*, 363 Ga. App. 132 (871 SE2d 30) (2022) (reversing trial court's entry of contempt and protective orders); *Dunn v. Dunn*, 368 Ga. App. 161 (889 SE2d 352) (2023) (affirming in part and vacating in part the parties' divorce decree, and remanding case with direction); *Dunn v. Dunn*, Case No. A24D0325 (May 10, 2024) (dismissing application as untimely); *Dunn v. Dunn*, Case No. A25D0186 (Jan. 23, 2025) (dismissing application for failure to obtain superior court ruling); *Dunn v. Dunn*, Case No. A25A1061 (Feb. 11, 2025) (dismissing direct appeal because Dunn was required to file an application for discretionary appeal under OCGA § 5-6-35 (a) (2)); *Dunn v. Dunn*, Case No. A25D0255 (Mar. 3, 2025) (dismissing discretionary application as untimely and because Dunn was not entitled to a second appeal from the same order). This list of appeals is illustrative, not exhaustive.

the Chief Judge and a third judge, which was rejected by the clerk of court the same day.[2] Danny filed a direct appeal from the April 14, 2025 "Judge's Order." We lack jurisdiction.

Here, there is no evidence that a trial court order from April 14, 2025 has been entered within the meaning of the Appellate Practice Act. See OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article."); see also *Irving v. State*, 367 Ga. App. 814, 815 (1) (888 SE2d 591) (2023). Absent a legally cognizable trial court order, there is nothing for this Court to review. See generally *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.

Furthermore, we advise Danny to determine the proper appellate procedures before taking any additional appeals, and warn him that any abuse of such procedures may subject him to further sanctions.[3] See Court of Appeals Rule (7) (e) (2).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___06/24/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] Danny was advised via email from the superior court's electronic filing system that his motion had not been accepted for e-filing.

[3] On May 19, 2025, in Case Nos. A25A1638 and A25A1640, we levied frivolous appeal penalties against Danny given his "history of repeatedly failing to follow the required appellate procedures."